IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 15, 2014

## CEDRICK EARL JOHNSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2009C2532    Steve R. Dozier, Judge**

_____

**No. M2013-00987-CCA-R3-PC - Filed May 5, 2014**

_____

Petitioner, Cedric Earl Johnson, appeals from the trial court's summary dismissal of his post-conviction petition. On October 11, 2010, judgments of conviction were entered against Petitioner pursuant to his negotiated guilty pleas to attempted first degree murder, aggravated robbery, and especially aggravated burglary. Petitioner received an effective sentence of twenty-five years of incarceration. On February 1, 2013, Petitioner filed a *pro se* petition for post-conviction relief. On February 27, 2013, the trial court entered an order dismissing the petition with prejudice because it was filed outside the one-year applicable statute of limitations. On April 11, 2013, Petitioner filed his notice of appeal. In its brief, the State moves this court to dismiss the appeal because the notice of appeal was filed almost two weeks late. *See* Tenn. R. App. P. 4(a) (a notice of appeal must be filed within thirty days of entry of the judgment appealed from). We decline to dismiss the appeal and waive the timely filing of the notice of appeal. However, we affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J., joined.

Cedric Earl Johnson, Whiteville, Tennessee, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Caitlin E.D. Smith, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Pamela Anderson, Assistant District Attorney General, for the appellee, the State of Tennessee.

**MEMORANDUM OPINION**

First, regarding the State's request of this court to dismiss this appeal submitted *pro*

*se*, we note that in order to be timely filed within the purview of Tennessee Rule of Appellate Procedure 4(a), the notice of appeal should have been filed by March 29, 2013. As noted, it was filed thirteen days late on April 11, 2013. Tennessee Rule of Appellate Procedure 4(a) also provides that in criminal cases "the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Recently, at the request of the *State* in the role of appellant, a panel of this court waived the timely filing of an application for interlocutory appeal by the State pursuant to Tennessee Rule of Appellate Procedure 9 when the State was *six months* late in discharging its responsibilities to pursue an appeal. *See State of Tennessee v. Danarius Woods*, No. M2014-00194-CCA-R9-CD (Tenn. Crim. App. April 4, 2014) (order granting application for permission to file interlocutory appeal). We reject the State's request to dismiss this appeal.

As to the merits of the case, we conclude that Petitioner is entitled to no relief in this appeal. Tennessee Code Annotated section 40-30-102 explicitly provides in part as follows:

(a)    . . . a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

(b)    No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:

(1)    The claim in the petition is based upon a final ruling

of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United

States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2)     The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3)     The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-102(a) and (b).

Obviously, the petition was filed outside the one-year statute of limitations. Petitioner's petition fails to assert any ground in support of one of the statutory grounds which are exceptions to the one-year statute of limitations. Furthermore, in his brief, Petitioner does not assert any facts which would justify tolling the statute of limitations on due process grounds. *See Burford v. State*, 845 S.W.2d 204, 209-10 (Tenn. 1992). He makes general non-factually specific allegations of evidence suppressed by the prosecution, but alludes to the fact that his trial counsel knew of the existence of the evidence.

We have thoroughly reviewed the record, including the petition and the briefs of the parties. When judgment is rendered by a trial court in a proceeding without a jury, the judgment is not a determination of guilt, the evidence does not preponderate against the finding of the trial court, and no error of law requiring a reversal of the judgment is apparent on the record, this court may affirm the judgment of the trial court by memorandum opinion. Rule 20, Rules of the Court of Criminal Appeals of Tennessee.

The case *sub judice* meets this criteria. Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-3-